UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MIKEL PICHS,
and other similarly situated individuals,

    Plaintiff,

v.

VMSB, LLC
d/b/a CASA CASUARINA
d/b/a GIANNI'S
    Defendant.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff MIKEL PICHS, by and through the undersigned counsel, and hereby sues Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff MIKEL PICHS is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff is also known as Mikel Vazquez Pichs.

3. Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S (hereinafter CASA CASUARINA, or Defendant) is a Florida corporation which has a place of business within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate

commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after April 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Corporate Defendant CASA CASUARINA is an Italian/Mediterranean located at 1116, Ocean Drive, Miami Beach, Florida 33139, where Plaintiff worked.

7. Defendant CASA CASUARINA employed Plaintiff MIKEL PICHS as a non-exempted, full-time, restaurant employee, from on or about February 2015, through approximately December 14, 2019, or more than 4 years plus 10 months. However, for FLSA purposes, Plaintiff's relevant employment period is 137 weeks.

8. Plaintiff had duties as a line cook, prep cook, and he had also additional duties as dishwasher and cleaning employee.

9. Plaintiff was a salaried employee, and his last salary was $1,153.85 per week.

10. During his relevant employment period with the Defendant, the Plaintiff had a regular schedule. Plaintiff worked some weeks of 7 days from Monday to Sunday, and some weeks of 5 days, from Tuesday to Saturday.

11. Plaintiff worked from 12:00 PM to 12:00 AM, (12 hours daily). Plaintiff did not take bonafide lunch periods.

12. Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate of unpaid overtime hours based on 137 relevant weeks of employment, which are divided in 69 weeks with 7 days and 84 working hours; and 68 weeks with 5 days and 60 working hours.

13. Plaintiff worked in excess of 40 hours every week period, he was paid the same salary regardless of the number of hours paid, but he was not paid for overtime hours.

14. Plaintiff did not clock in and out, but the Defendant was in complete control of Plaintiff's schedule, and it was able to keep track of the time worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and hours worked in every week period.

17. On or about December 14, 2019, Plaintiff was forced to leave his employment due to working hours conflicts with the General Manager.

18. Plaintiff MIKEL PICHS seeks to recover half-time overtime wages for every hour in excess of 40 in a week period, for all the relevant weeks that he worked for Defendant, liquidated damages, attorney fees, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

19. Plaintiff MIKEL PICHS re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff and those similarly-situated to recover from the Employers CASA CASUARINA unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

21. At all times pertinent to this Complaint, Defendant CASA CASUARINA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a retail business performing as Italian Mediterranean restaurant, catering mostly to tourist customers. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of

interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

22. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, he regularly engaged in interstate commerce when he handled and worked on goods and materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

23. Defendant CASA CASUARINA employed Plaintiff MIKEL PICHS as a non-exempted, full-time, restaurant employee, from on or about February 2015, through approximately December 14, 2019, or more than 4 years plus 10 months. However, for FLSA purposes, Plaintiff's relevant employment period is 137 weeks.

24. Plaintiff had duties as a line cook, prep cook, and he had also additional duties as dishwasher and cleaning employee.

25. Plaintiff was a salaried employee, and his last salary was $1,153.85 per week.

26. During his relevant employment period with the Defendant, Plaintiff worked weeks of 7 days and weeks of 5 days.

27. Plaintiff has a regular schedule and he worked from 12:00 PM to 12:00 AM, (12 hours daily). Plaintiff did not take bonafide lunch periods.

28. Thus, from the total of 137 relevant weeks of employment, Plaintiff worked 69 weeks of 7 days with 84 working hours weekly, and 68 weeks of 5 days with 60 working hours weekly.

29. Plaintiff worked in excess of 40 hours every week period, he was paid the same salary regardless of the number of hours paid, but he was not paid for overtime hours.

30. Plaintiff did not clock in and out, but the Defendant was in complete control of Plaintiff's schedule, and it was able to keep track of the time worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendant willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and hours worked in every week period.

33. The records, if any, concerning the number of hours worked by Plaintiff MIKEL PICHS, and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

34. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

36. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of allegedly unpaid overtime wages</u>:

   Thirty-Three Thousand Nine Hundred Forty Dollars and 52/100 ($33,940.52)

   b. <u>Calculation of such wages</u>:

   Total time of employment: More than 4 years
   Total relevant period of employment: 137 weeks

   1.- <u>Overtime for 69 weeks of 7 days with 84 working hours weekly</u>

   Relevant weeks: 69 weeks
   Total Hours worked: 84 hours
   Total unpaid overtime hours: 44 O/T hours
   Paid weekly: $1,153.85:84 hours worked = $13.74
   Regular rate: $13.74 an hour x 1.5=$20.61 O/T rate-$13.74 rate paid=$6.87 Diff.
   Half-time O/T rate: $6.87 an hour

   Half-time O/T rate $6.87 x 44 O/T hours=$302.28 weekly
   $302.28 weekly x 69 weeks=$20,857.32

   2.- <u>Overtime for 68 weeks of 5 days with 60 working hours weekly</u>

   Relevant weeks: 68 weeks
   Total Hours worked: 60 hours
   Total unpaid overtime hours: 20 O/T hours
   Paid weekly: $1,153.85:60 hours worked = $19.23
   Regular rate: $19.23 an hour x 1.5=$28.85 O/T rate-$19.23 rate paid=$9.62 Diff.
   Half-time O/T rate: $9.62 an hour

   Half-time O/T rate $9.62 x 20 O/T hours=$192.40 weekly
   $192.40 weekly x 68 weeks=$13,083.20

   Total # 1 and #2: $33,940.52

,

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents the unpaid half-time overtime wages.

38. At all times material hereto, the Employer/Defendant CASA CASUARINA failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that,

Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendant CASA CASUARINA knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

40. Defendant CASA CASUARINA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MIKEL PICHS and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MIKEL PICHS and other similarly situated and against the Defendant CASA CASUARINA based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MIKEL PICHS and those similarly situated demand trial by a jury of all issues triable as of right by jury.

DATED: April 30, 2020

                                      Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*